UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GOFRESH, LLC**                              **CIVIL ACTION**

**VERSUS**                                    **NO: 16-17122**

**G.O. CORPORATION I**                        **SECTION: "H"(3)**

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 10). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

GoFresh, LLC ("GoFresh") is a wholesale food distribution company that rebranded itself in 2009 from Tulsa Fruit Company to GoFresh. GoFresh registered the domain name <gofreshusa.com> in March 2009. Defendant G.O. Corporation is a processor of fresh fruits and vegetables and the holder of the G.O.FRESH trademark.

In November 2003, Patricia Greene, CEO of Defendant, filed a trademark application for the G.O.FRESH mark based on her intended use of the mark in commerce. The application was denied based on the likelihood of confusion with another mark. Greene appealed this determination, but the appeal was dismissed in April 2009 for failure to file an appeal brief.

Unaware of Defendant, Plaintiff began using the GOFRESH mark in commerce on June 1, 2009. Thereafter, it received a cease and desist letter from Defendant claiming it was infringing on Defendant's trademark rights. Because Defendant's trademark application had been abandoned, Plaintiff applied to register the GOFRESH mark on July 2, 2009. On August 4, 2009, Plaintiff brought a federal lawsuit against Defendant seeking a declaration that its use of the GOFRESH mark was lawful.[8]

On August 31, 2009, Greene petitioned to reinstate her G.O.FRESH mark application and ultimately assigned that application to Defendant. The petition to reinstate the application contained a sworn statement that the appeal brief had been timely mailed. Defendant registered the mark G.O.FRESH on October 4, 2011.

On September 28, 2016, Defendant filed a Uniform Domain Name Registration Policy ("UDRP") action against Plaintiff seeking transfer of the <gofreshusa.com> domain name from Plaintiff to it. On December 1, 2016, the National Arbitration Forum ("NAF") issued a non-binding decision ruling in Defendant's favor and ordering that the domain be transferred from Plaintiff to Defendant.

---

[8] Plaintiff later allowed the lawsuit to be dismissed with prejudice because it had not received any communications or demand letters from Defendant in more than ten months.

In this action, Plaintiff seeks an order staying the transfer of the <gofreshusa.com> domain to Defendant and declaring its use of the name lawful. It also seeks an order cancelling Defendant's U.S. Trademark for the mark G.O.FRESH. Defendant has filed the instant Motion to Dismiss, arguing that Plaintiff's claim is premature and that it fails to state a claim upon which relief may be granted.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[9]

## LAW AND ANALYSIS

### A. Reverse Domain Name Hijacking Claim

Plaintiff brings an action for Reverse Domain Name Hijacking under the Anticybersquatting Consumer Protection Act ("ACPA"), which permits a domain name registrant to recover a domain name that has been unlawfully taken from it. The ACPA states that:

> A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.[10]

Plaintiff's Complaint alleges that it was ordered to transfer its domain name to Defendant in the UDRP Action. It has brought this action to establish that its use of the domain name is not unlawful and to stay the transfer.

Defendant argues that Plaintiff's action is premature under the plain terms of the statute because Plaintiff has not yet transferred its domain name to Defendant. It argues that the ACPA provides an action only for a domain name registrant whose domain name has already been "suspended, disabled,

---

[9] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[10] 15 U.S.C. § 1114(2)(D)(v).

or transferred." It contends that the Act does not provide for an action seeking prospective relief.

In response, Plaintiff points to a Fourth Circuit Court of Appeals case addressing this issue. The Court in *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona* explained that:

> Although the domain name had not actually been transferred from Bcom, Inc. as of the time that Bcom, Inc. commenced this action, the WIPO [World Intellectual Property Organization] panelist had already ordered the transfer, and as a result of this order the transfer was certain to occur absent the filing of this action to stop it. By filing this suit, Bcom, Inc. obtained an automatic stay of the transfer order by virtue of paragraph 4(k) of the UDRP, which provides that the registrar will stay implementation of the administrative panel's decision if the registrant commences "a lawsuit against the complainant in a jurisdiction to which the complainant has submitted" under the applicable UDRP rule of procedure. *See* ICANN, UDRP ¶ 4(k). Moreover, this suit for declaratory judgment and injunctive relief under § 1114(2)(D)(v) appears to be precisely the mechanism designed by Congress to empower a party whose domain name is subject to a transfer order like the one in the present case to prevent the order from being implemented.[11]

Defendant has not pointed this Court to, and this Court could not find, any case supporting its argument that Plaintiff's claim is premature or that

---

[11] 330 F.3d 617, 626–27 (4th Cir. 2003); *see also* Sallen v. Corinthians Licenciamentos LTDA, 273 F.3d 14, 25 (1st Cir. 2001) ("We recognize that, at the time the complaint was filed, NSI had yet to transfer the domain name. Pursuant to UDRP ¶ 4(k), NSI automatically implements WIPO transfer orders unless the UDRP respondent files a complaint in court within ten days. We think that § 1114(2)(D)(ii)(II), the statutory provision referenced in § 1114(2)(D)(v), covers situations where a transfer by NSI is inevitable unless a court action is filed."); S. Co. v. Dauben Inc., 324 F. App'x 309, 311 (5th Cir. 2009) (stating that the filing of an action "prevented the transfer of the domain names because the UDRP's terms provide that if a lawsuit has been commenced concerning the arbitrated domain names, then such a transfer will not be completed until that suit has been resolved.").

espouses a holding contrary to *Barcelona.com*. This Court finds the reasoning of *Barcelona.com* compelling and therefore holds that Plaintiff's claim under the ACPA is not premature despite the fact that it has not yet transferred the domain name at issue. In light of the NAF's decision, a transfer would be inevitable but for the filing of this action.

### B. Trademark Cancellation Claim

Plaintiff's Complaint next seeks cancellation of Defendant's trademark in G.O.FRESH, alleging that Defendant fraudulently obtained the trademark because (1) its owner, Pat Greene, falsely alleged that she personally intended to use the mark in commerce and (2) Greene represented in the petition to reinstate the abandoned application that an appeal brief had been mailed to the United States Patent and Trademark Office ("USPTO"). Defendant argues that Plaintiff's claims should be dismissed for failure to state a claim and for failure to meet the heightened pleading requirements for fraud.

The Lanham Act provides for an action to cancel a trademark if its "registration was obtained fraudulently."[12] To succeed on a claim of fraudulent registration, the challenging party must prove by clear and convincing evidence "(1) a deliberate attempt by a trademark registrant to mislead the USPTO that is more than mere error or inadvertence, and (2) that knowing misstatements were made with respect to a material fact, one that would have affected the USPTO's action on the application."[13] As to Plaintiff's first allegation of fraud, Defendant alleges (1) that Greene's lack of intent to use the

---

[12] 15 U.S.C. § 1064(3).
[13] DS Waters of Am., Inc. v. Princess Abita Water, L.L.C., 539 F. Supp. 2d 853, 860 (E.D. La. 2008).

mark personally is immaterial and (2) that Plaintiff's Complaint fails to sufficiently plead an intent to deceive. This Court agrees that the Complaint is devoid of any facts suggesting that Greene intended to deceive the USPTO or that she had a motive to do so. The Complaint states only that Greene "did not intend to personally use the G.O.FRESH mark in connection with fresh produce" and that she had "no real, verifiable plans to personally use" the mark. The Complaint makes the conclusory allegation that Greene "knowingly made such representations with the intent to deceive."

Federal Rule of Civil Procedure 9(b) requires that fraud be alleged with particularity. However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[14] That said, mere conclusory allegations are insufficient. "Although Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)."[15] Plaintiff must plead sufficient allegations of underlying facts from which the Court could reasonably infer that Greene misrepresented this information with a specific intent to deceive.[16] Plaintiff has plead no facts upon which this Court can make such an inference. Accordingly, Plaintiff's claim for trademark cancellation based on Greene's misrepresentation regarding her personal use of the G.O.FRESH mark is dismissed without prejudice, and Plaintiff may amend its Complaint to add sufficient allegations.

---

[14] Fed. R. Civ. P. 9.
[15] Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008).
[16] *See* Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc., No. 6:10-379, 2011 WL 13134896, at *4 (E.D. Tex. Dec. 13, 2011), *report and recommendation adopted*, No. 6:10-CV-379, 2012 WL 12893881 (E.D. Tex. Jan. 18, 2012).

Defendant next argues that Plaintiff likewise has not adequately plead its second allegation of fraud—the representation that an appeal brief was mailed in connection with Greene's first attempt to trademark the G.O.FRESH mark. Plaintiff's Complaint alleges that in August 2009 Greene, Defendant's CEO, petitioned to reinstate her application for the G.O.FRESH mark after it was dismissed for failure to file an appeal brief and in doing so falsely represented to the USPTO that she had mailed an appeal brief. The facts of the Complaint indicate that this misrepresentation took place within two months of Defendant learning about Plaintiff's use of the GOFRESH mark in commerce and just weeks after Plaintiff filed a federal lawsuit seeking a declaration that its use thereof was lawful.

The exhibits attached to the Complaint reveal that the statement to the USPTO that an appeal brief had been mailed was made in a pleading by Greene's attorney. Defendant argues that the misrepresentation of her attorney should not be imputed to Greene. Taking the allegations of the Complaint as true and drawing all inferences in Plaintiff's favor, however, the Court finds that Plaintiff has alleged that Greene personally made the misrepresentation, albeit through her attorney. The allegations of the Complaint are sufficient to create an inference of fraud and a motive from which this Court can infer an intent to deceive. Accordingly, Defendant's request for dismissal of this claim is denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED IN PART, and Plaintiff's claim for trademark cancellation based on

Defendant's alleged misrepresentation regarding her personal use of the trademark is DISMISSED WITHOUT PREJUDICE.  Plaintiff may amend its Complaint within 20 days of this Order to the extent that it can remedy the deficiencies identified herein.

New Orleans, Louisiana this 28th day of March, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**